IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL FIELDS, Individually and as Representative of the Estate of ROMNY ALENE FIELDS, Deceased, and as Next Friend of E▇▇▇ F▇▇▇ and O▇▇ F▇▇▇, Minors,<br>Plaintiff,<br><br>v.<br><br>CAVCO INDUSTRIES, INC., PALM HARBOR HOMES, INC., and PALM HARBOR VILLAGES, INC.,<br>Defendants. | Civil Action No. 1:16-CV-01249 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME MICHAEL FIELDS, Individually and as Representative of the Estate of ROMNY ALENE FIELDS, Deceased, and as Next Friend of E▇▇▇ F▇▇▇ and O▇▇ F▇▇▇, Minors, hereafter referred to "Plaintiff" in the above entitled and numbered cause, complaining of and against Defendants, CAVCO INDUSTRIES, INC., PALM HARBOR HOMES, INC., and PALM HARBOR VILLAGES, INC., and for cause of action would show unto the Court the following:

**A. PARTIES**

1. Plaintiff is an individual who resided in Round Rock, Texas, at the time of the incident which is the subject of this lawsuit. Plaintiff, MICHAEL FIELDS, is the spouse of ROMNEY ALENE FIELDS, deceased. He is also the father of E▇▇▇ F▇▇▇ and O▇▇ F▇▇▇, Minors, who are the natural children of ROMNY ALENE FIELDS.

2. Defendant, Palm Harbor Homes, Inc., is a foreign corporation doing business in Texas. Its principle office is located at 1001 N. Central Avenue, Ste. 800, Phoenix, Arizona 85004. This entity may be served citation by and through its registered agent for service, Corporation Service Company, 701 Brazos Street, Ste. 1050, Austin, Texas 78701 by private process server.

3. Defendant, Palm Harbor Villages, Inc., is a foreign corporation doing business in Texas. Its principle office is located at 1001 N. Central Avenue, Ste. 800, Phoenix, Arizona 85004. This entity may be served citation by and through its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 by private process server.

4. Defendant, Cavco Industries, Inc., is a foreign corporation doing business in Texas. Its principle office is located at 1001 N. Central Avenue, Ste. 800, Phoenix, Arizona 85004. This entity may be served citation by and through its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 by private process server.

## B. JURISDICTION AND VENUE

5. This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages that are in excess of the minimum jurisdictional limits of the Court, to which Plaintiff is entitled to receive as compensation for the injuries and damages described below. This court has jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Venue is proper in this district court under 28 U.S.C. § 1391(b)(2) because the matter occurred near Hutto, in Williamson County, Texas.

## C. FACTS

6. Plaintiff brings this suit to recover damages for personal injuries and damages sustained by Plaintiff as a direct and proximate result of the Defendants' negligence. On or about November 25, 2014, ROMNY ALENE FIELDS was driving a vehicle southbound on Texas Highway 79, near Hutto, Texas. At the same time, Daniel Brown and Thomas Cox, who were working as agents of Glen's Mobile Home Services, were operating tractor-trailers in the course and scope of their employment. The tractor-trailers were mobile homes built on small thin frames with wheels attached for transport. The trailers and mobile homes were designed, engineered, manufactured, and entrusted to Glen's Mobile Home Services by CAVCO INDUSTRIES, INC., PALM HARBOR HOMES, INC., and PALM HARBOR VILLAGES, INC. (hereinafter sometimes referred to collectively as "The Palm Harbor Defendants").

7. While driving a tractor from Fort Worth to San Antonio hauling half of a manufactured home behind him, Thomas Cox lost a wheel from the trailer he was leading. The mobile home and the trailer upon which the home was being hauled were manufactured by The Palm Harbor Defendants. The loss of wheels from trailers manufactured by The Palm Harbor Defendants was a known hazard that had occurred in the past. Tires flying off the axel or going flat was so common that movers of manufactured homes would drive with several spare wheels in case a wheel fell off or went flat. All Defendants were familiar with this fact. After the wheel came off, Cox pulled over and stopped his vehicle. Seeing Thomas Cox stop his vehicle, Brown saw this as the cue to also pull over and stop his vehicle. Daniel

Brown then stopped his vehicle to retrieve Cox's tire. Both drivers pulled over despite the knowledge that:

    a.    the mobile homes they were hauling did not have any signage indicating "wide load" or "oversized load";

    b.    they were traveling without an vehicle escort; and

    c.    they were not able to pull over far enough such that the mobile home was completely outside the lane of traffic.

8. In the course of stopping, Brown left the other half of the manufactured home extending several feet into the lane of traffic where ROMNY ALENE FIELDS was trailing behind them. ROMNY ALENE FIELDS drove into the back of the manufactured home that was blocking her lane. Romney Alene Fields was trapped in her car underneath the motor home for more than two hours. She was alive when the EMS and police were able to remove the vehicle from underneath the mobile home. She died at the hospital. As a result, ROMNY ALENE FIELDS suffered severe injuries in this collision which ultimately resulted in her death.

### D. WRONGFUL DEATH

9. Plaintiff brings this action pursuant to §71.004 of the Texas Civil Practice and Remedies Code. Plaintiffs seek damages from Defendant pursuant to §§71.002 and 71.021 of the Texas Civil Practice and Remedies Code.

### E. NEGLIGENCE

10. If Defendants acted as a reasonable prudent business, Mrs. Fields would not be dead. Defendants failed to remedy the dangers of wheels repeatedly falling off mobile home trailers. This was a common issue in the industry. Glen Cox told The Palm Harbor Defendants in the past about problems with wheels falling off. If the

wheels had not fallen off the vehicle would not need to have been stopped and Mrs. Fields would not have collided with the trailer.

11. Moreover, the trailer was constructed, designed, and engineered in an unsafe manner. It is common practice in trucking industry to place bumpers on the rear of trailers to prevent cars from colliding with the rear and getting stuck underneath. Defendants did not provide such a bumper. As a result Mrs. Fields was trapped under and inside the mobile home for an hour. Had Defendants provided such a bumper Mrs. Fields may have been injured, but she would not have been trapped under the vehicle slowly and painfully dying.

12. As a supplier of the mobile homes to be moved by Glen's Mobile home services, The Mobile Home Defendants had a duty to entrust the mobile home to a person the supplier knows or should know is incompetent to move the mobile home safely. Defendants knew or should have known that Glen's Mobile Home Services did not have the technical acumen to recognize or remedy the defects in the construction of the mobile home trailer or to safely react when the tires came off. Their failure to entrust the mobile home for its movement to a person competent enough to remedy these dangers was a producing cause of the death of Mrs. Fields as well as the injuries to Plaintiff.

13. Plaintiff alleges that, upon the occasion in question, The Palm Harbor Defendants, by and through its employees, were negligent for failing to use ordinary care by the various acts and omissions in at least the following ways:

    a.    Failing to take reasonable care in recruiting and selecting their employees;

    b.    Failing to take reasonable care in training their employees;

    c.    Failing to take reasonable care in the discipline, re-training, and termination of incompetent, careless, or reckless employees;

    d.    Failing to take reasonable care in monitoring and supervising the conduct of their employees;

    e.    Negligently entrusting their trailer to a reckless, unlicensed, and incompetent driver;

    f.    Failing to have proper safeguard to prevent vehicles from under-riding and breaking through the rear portion of the trailer;

    g.    Failing to design the trailer in a reasonably safe manor;

    h.    Failing to properly construct their trailers in a reasonably safe condition;

    i.    Failing to properly maintain their trailers in a reasonably safe condition;

    j.    Failing to properly inspect their trailers in a reasonably prudent manner; and

    k.    Failing to remedy the issue of their trailers losing wheels once they became aware of the problem.

Each and all of the above acts or omissions was a producing cause of the death of Mrs. Fields as well as the ongoing injuries of Plaintiff.

### F. GROSS NEGLIGENCE AND EXEMPLARY DAMAGES of THE PALM HARBOR DEFENDANTS

14. Plaintiff would further show that the Palm Harbor Defendants were grossly negligent in causing the incident in question which resulted in the Plaintiff's injuries and damages. The Palm Harbor Defendants evidenced conscious indifference to the rights, safety and welfare of others in the manner that the trailer was constructed,

loaded and transported. The Palm Harbor Defendants were aware that the wheels had come off of other trailers while in transport in the past, but failed to take measures to remedy the problem, despite that knowledge.

15. Most indicative of the Palm Harbor Defendants' dangerous actions and omissions is the fact that the trailers' propensity for having tire issues, including flats and losing the tires, was a known problem that had persisted for years prior to the incident made the basis of this suit. Glenn Cox testified that he had told a representative of the Palm Harbor Defendants that they were building homes that were too big, too heavy and on too few axles to be safe. The Palm Harbor Defendants disregarded these warnings and continued to build the unsafe trailers with large, heavy mobile homes. Drivers hired to transport the homes knew of the dangers, and typically traveled with multiple spare tires and at least one spare axle because the drivers anticipated they would have a number of problems during transport, no matter how close or how far they were transporting the home. Additionally, the failure of the Palm Harbor Defendants to construct any sort of barrier to prevent the under-ride of a vehicle that impacted the rear of the home was both negligent and grossly negligent. The Fields vehicle, after contact the rear of the mobile home, became embedded in the rear of the home because the trailer provided no meaningful bumper or impediment, as would be proper.

16. Defendants' acts and omissions, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants, at the time they performed the above described acts and omissions, had actual, subjective awareness of the risk involved, but nevertheless proceeded with

conscious indifference to the rights, safety, or welfare of others. Such conscious indifference to the rights, safety and welfare of others, including Plaintiff's, was a direct and proximate cause of the incident in question, the injuries to Plaintiff, and the damages resulting there from. Therefore, Plaintiff is also seeking an award of exemplary damages as defined by the Texas Civil Practice and Remedies Code, Chapter 41.

### G. RES IPSA LOQUITUR

17. Plaintiff cannot more specifically allege the exact acts of negligence on the part of Defendants at this time because facts in that regard are peculiarly within the knowledge of the Palm Harbor Defendants. In the alternative, in the event Plaintiff is unable to prove specific acts of negligence, Plaintiff relies on the doctrine of *res ipsa loquitur*. Plaintiff would show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and that the construction, loading and transporting of the trailer and wheel in question, was within the exclusive control of Palm Harbor Defendants and their contractors from the moment of creation until the time the wheel came off the trailer. Plaintiff has no means of ascertaining the method or manner in which the trailer was constructed, inspected and maintained. Thus, Defendants were negligent in the construction, maintenance or inspection of the trailer in question, and such negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

### H. RESPONDEAT SUPERIOR

18. Plaintiff alleges that the Palm Harbor Defendants are responsible for the acts and omissions of their employees, agents, representatives, and servants under the doctrine of *respondeat superior*. Under said doctrine, The Palm Harbor Defendants is

responsible for all damages resulting from the negligent acts and omissions of their employees, agents, representatives, and servants as said employees were acting within the course and scope of their employment.

19. At all times mentioned herein, any and all employees, agents, representatives, or servants who were in any way connected to this accident were acting within the course and scope of their employment as employee, agent or servant with The Palm Harbor Defendants.

### I. DAMAGES

20. Plaintiff, MICHAEL FIELDS, Individually, has experienced damages including, but not limited to, the following:

    a.  Past and future mental anguish in the form of emotional pain, torment, and sufferings experienced only by one who has suffered the loss of their spouse;

    b.  Past and future pain and suffering;

    c.  Past and future medical expenses;

    d.  Loss of spousal consortium including, but not limited to, the loss of love, support, companionship and society, affection, advice, counsel, spousal services, comfort, enjoyment of her marital relationship with ROMNY ALENE FIELDS, deceased;

    e.  Funeral and burial expenses;

    f.  Destruction of the vehicle; and

    g.  Loss of inheritance and pecuniary loss.

21. Plaintiff, MICHAEL FIELDS as Representative of the ESTATE OF ROMNY ALENE FIELDS, deceased, has experienced damages including, but not limited to, the following:

    a. Mental anguish;

    b. Pre-impact fright;

    c. Medical expenses;

    d. Funeral and burial expenses;

    e. Disfigurement;

    f. Physical and mental impairment;

    g. Physical and mental pain and suffering; and

    h. Death.

22. Plaintiff MICHAEL FIELDS, as Next Friend of E▓▓▓ F▓▓▓ and O▓▓▓ F▓▓▓, Minors, has experienced damages including, but not limited to, the following:

    a. Past and future mental anguish in the form of emotional pain, torment, and sufferings experienced only by one who has suffered the loss of his/her mother;

    b. Past and future pain and suffering;

    c. Past and future medical expenses;

    d. Past and future pecuniary losses;

    e. Past and future loss of advice and counsel;

    f. Past and future loss of parent's services;

    d. Loss of inheritance; and

Case 1:16-cv-01249-RP Document 12 Filed 11/23/16 Page 10 of 12

      f.      Loss of consortium including, but not limited to, the loss of love, support, companionship and society, affection, advice, counsel, comfort, and enjoyment of the relationship with their mother, ROMNY ELENA FIELDS, deceased.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Defendant be duly cited to appear and answer herein and that, upon final trial of this cause, Plaintiff recover judgment against the Defendants for Plaintiff's damages, jointly and severally, to include but not limited to, general and exemplary damages; for costs of court; for pre- and post-judgment interest as provided by law; and for such other further relief, both general and special, at law or in equity, to which they may show themselves justly entitled.

Case 1:16-cv-01249-RP Document 12 Filed 11/23/16 Page 11 of 12

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
1717 N. I-35
Suite 305
Round Rock, TX 78664
(512) 671-7277
(512) 238-0275 (fax)


By: ___/s/ Robert L. Ranco
Robert L. Ranco
SBN: 24029785
RRanco@CarlsonAttorneys.com
Brantley White
SBN: 00789722
BWhite@CarlsonAttorneys.com